IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DAVID RAMIREZ**                                                                              **PLAINTIFF**

v.                                                                    Cause No. 3:11-CV-297-CWR-LRA

**L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC**                       **DEFENDANT**

**ORDER**

Pending before the Court is L-3 Communications' motion to dismiss, or in the alternative for summary judgment on, David Ramirez's Title VII claims. Docket No. 19. Ramirez has responded, Docket No. 29, L-3 Communications has replied, Docket No. 30, and the Court is now ready to rule.

*I.    Background*

On January 14, 2011, Ramirez filed an amended complaint in state court claiming that his former employer, L-3 Communications, was liable for racial discrimination, national original discrimination and harassment, retaliation, breach of contract, tortious breach of contract, breach of implied covenant of good faith, intentional and negligent infliction of emotional distress, and violations of Mississippi public policy.[1] Docket No. 1-3, at 13-16. L-3 Communications timely removed the case to federal court. Docket No. 1; *see* 28 U.S.C. § 1441(a)-(b).

The present motion argues that all of Ramirez's federal claims are time-barred because he filed suit outside of the 90-day period provided by Title VII. Docket No. 20, at 3. L-3 Communications has attached records indicating that Ramirez twice submitted a charge of discrimination to the EEOC. The first time was on January 25, 2010, with the EEOC's Miami office. Docket No. 19-3. That charge was dismissed with a right-to-sue letter mailed on August 25, 2010. Docket No. 19-4. The second charge was filed on February 24, 2010, with the EEOC's Jackson office, Docket No. 19-5, and closed with a right-to-sue letter (issued on Ramirez's request) mailed on November 3, 2010, Docket No. 19-6. Ramirez filed his original complaint in state court on January 11, 2011, and amended it three days later. Docket Nos. 1-2; 1-3, at 3.

---

[1] In October 2011, in response to L-3 Communications' separate motion to dismiss the state law claims [Docket No. 15], Ramirez conceded his contract-based claims and his public policy claim. Docket No. 25. The remaining state law claims are therefore intentional and negligent infliction of emotional distress. The Court will rule on those claims shortly.

L-3 Communications' contention is that the 90-day filing period began upon receipt of the EEOC's first right-to-sue letter of August 25, 2010; that the second right-to-sue letter is a legal nullity; and that Ramirez's complaint of January 11, 2011 is untimely. Docket Nos. 20, at 4; 30, at 2.

In response, Ramirez claims that on February 5, 2010, he wrote the EEOC through previous counsel to transfer his charge of discrimination from the EEOC's Miami office to its Jackson office. Docket Nos. 29, at 2; 29-3, at 1. The EEOC allegedly confirmed the transfer via phone call with Ramirez on February 11, 2010. Docket No. 29-4. He also attaches a May 17, 2010, letter from his previous attorney to the EEOC's Jackson office regarding mediation and the investigation. Docket No. 29-5. Finally, Ramirez states in an affidavit that he never received the first right-to-sue letter. Docket No. 29-6, at 2. The implication is that the 90-day period began only when he received the second right-to-sue letter around November 3, 2010, which would make his complaint timely.

L-3Communications' rebuttal denies that the transfer request is relevant, and reiterates its position that the receipt of the first right-to-sue letter was the operative date. Docket No. 30, at 2. It argues that evidence of the alleged confirmation of transfer is hearsay and cannot be used at the summary judgment stage. *Id.* at 3. Finally, it contests Ramirez's affidavit, arguing that: 1) the affidavit was plainly executed for the purposes of litigation; 2) it is not credible to claim to have not received one particular document yet not dispute receiving every other document sent to the same address; and 3) the affidavit is refuted by a U.S. Postal Service Delivery Confirmation printout. *Id.* at 3-4.

II.   *Standard of Review*

Because the Court will consider Ramirez's affidavit, it will treat the motion as one for summary judgment. *See Stokes v. Dolgencorp, Inc.*, 367 Fed. App'x 545, 547 (5th Cir. 2010) (unpublished); *Brown v. Eaton Corp.*, No. 3:10-cv-175, 2011 WL 338444, *1-2 (S.D. Miss. Jan. 31, 2011).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party must establish the presence, or absence, of fact disputes by "citing to particular parts of materials in the record" that would constitute admissible evidence at trial. *Id.* at 56(c)(1). "Needless to say, unsubstantiated assertions are not competent summary judgment evidence."

*Forsyth*, 19 F.3d at 1533 (citation omitted); *see Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996) (en banc). The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted).

Self-serving statements in an affidavit, though, cannot defeat summary judgment when there is "overwhelming evidence" to the contrary. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004); *see also DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 n.49 (5th Cir. 2005). "Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate." *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 421 (5th Cir. 2007) (citation omitted).

III.     *Discussion*

Title VII provides complainants 90 days to file a lawsuit "after the giving of" the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). This requirement is "strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citations omitted).

L-3 Communications has cited a Second Circuit case holding that a complainant whose 90-day filing period had expired could not file a subsequent, identical charge of discrimination solely to receive a second right-to-sue letter and thus a second 90-day filing period. *Soso Liang Lo v. Pan American World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986). Obviously, that situation is not present here.

L-3 Communications has also pointed to a Sixth Circuit case in which the EEOC sent the complainant a right-to-sue letter and the complainant did not act upon that letter. *Brown v. Mead Corp.*, 646 F.2d 1163, 1164-65 & n.1 (6th Cir. 1981). Approximately three years later, though, the EEOC sent a second right-to-sue letter, which explained that the first letter was sent in error; afterward, the complainant timely filed suit. *Id.* at 1164. (The first letter was issued as a result of an administrative mixup in transferring the charge from one EEOC office to another. *Id.* at 1165 n.1.) The Sixth Circuit held that the complainant should have filed suit after the first letter, even though it was issued in error, and that equitable tolling did not apply. *Id.* at 1165. "Were we to accept appellant's proposition, it would become necessary in every case involving a potential administrative inconsistency for the trial court to investigate the EEOC action underlying the notice

3

of right to sue." *Id.* at 1166.  Although this case is persuasive to our own, more recent caselaw from this circuit is controlling.

In 1986, the Fifth Circuit held that the 90-day period "begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." *Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).[2]  That court later confirmed that "claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC." *Taylor*, 296 F.3d at 379.

"When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Id.* (citations omitted).  This is known as the 'presumption of receipt' doctrine. *Id.* at 380.  "As stated by the Supreme Court, 'the rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.'" *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (citations and brackets omitted).  The presumption of receipt may be applied after "sufficient evidence that the letter was actually mailed." *Id.* (citation omitted).  The presumption may also be rebutted by "evidence of non-receipt." *Id.* at 291 (citation and brackets omitted).

In *Duron*, the employer produced no evidence that the EEOC actually sent the right-to-sue letter in question, while the complainant provided an affidavit denying receipt of the right-to-sue letter and "evidence that she and her attorney made several attempts to contact the EEOC to inquire as to the status of her case." *Id.*  Because the evidence was inconclusive – neither so weak to preclude judgment for the complainant nor "so overwhelming" as to require judgment for the employer – summary judgment was improper. *Id.* (citing *Custer*, 503 F.3d at 421).  The Fifth Circuit concluded with a cautionary note: "if the EEOC had followed its former practice of sending right-to-sue letters by certified mail, this dispute would, in all likelihood, have never arisen." *Id.*

Here, as in *Duron*, Ramirez has filed an affidavit stating that he never received the EEOC's first right-to-sue letter.  Docket No. 29-6.  That is the only piece of evidence supporting Ramirez's argument that the 90-day filing period began upon receipt of the second right-to-sue letter.

---

[2] The only exception noted in *Ringgold* was one for equitable tolling, which Ramirez has not invoked.

On the other hand, the record contains the EEOC's detailed "Investigative Log" showing how Ramirez's charge was processed through the EEOC.  Docket No. 30-1.  Its final entry, dated August 25, 2010, reads: "DNR sent to CP ["Complaining Party"] certified, copy to Respondent," along with a 20-digit U.S. Postal Service tracking number.  *Id.*  The record also has the August 25, 2010 right-to-sue letter (captioned "Dismissal and Notice of Rights"), with David Ramirez's name and address in Valrico, Florida listed in the "To:" field.  Docket No. 19-4.  The Florida address matches the one Ramirez entered on his first and second charges of discrimination.  Docket Nos. 19-3; 19-5.  Finally, the record contains a printout from the U.S. Postal Service website showing that a letter with the same 20-digit tracking number mentioned above was delivered to Valrico, Florida at 8:52 A.M. on August 31, 2010.  Docket No. 30-2.

Ramirez could have argued that the date of receipt is a genuinely disputed material fact that precludes summary judgment.  At least, that was presumably the purpose of him submitting an affidavit denying receipt.  *E.g.*, *Brown*, 2011 WL 338444, at *3; *Hill v. New Alenco Windows, Ltd.*, 716 F. Supp. 2d 582, 594 (S.D. Tex. 2009).  But the controlling law unambiguously rejects that "a plaintiff's bare assertion of non-receipt could create a genuine issue of material fact to survive summary judgment." *Custer*, 503 F.3d at 421.  Ramirez's evidence of non-receipt is so tenuous, and L-3 Communications' evidence of actual delivery is so overwhelming, that summary judgment will issue in favor of L-3.  *See id.*

Perhaps the EEOC read the Fifth Circuit's closing note in *Duron* and changed its practice to mail right-to-sue letters certified or with another type of delivery confirmation.  Regardless, that court could not have sent a more clear signal to district courts to accept the confirmed date of delivery as the starting point for the 90-day filing period.  Under this precedent Ramirez's suit was untimely.

IV.   Conclusion

L-3 Communications' motion for summary judgment on Ramirez's federal claims [Docket No. 19] is granted.

SO ORDERED this the 7th day of December, 2011.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE