## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**DAVID RAMIREZ**                                                                            **PLAINTIFF**

**v.**                                                                 **Cause No. 3:11-CV-297-CWR-LRA**

**L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC**                           **DEFENDANT**

## ORDER

Pending before the Court is L-3 Communications' motion to dismiss David Ramirez's state law claims. Docket No. 15. Ramirez has responded, Docket No. 25, L-3 Communications has replied, Docket No. 26, and the Court is ready to rule.

*I.      Background*

On January 14, 2011, Ramirez filed an amended complaint in state court claiming that his former employer, L-3 Communications, was liable for racial discrimination, national original discrimination and harassment, retaliation, breach of contract, tortious breach of contract, breach of implied covenant and good faith, intentional and negligent infliction of emotional distress, and violations of Mississippi public policy. Docket No. 1-3, at 13-16. L-3 Communications timely removed the case to federal court. Docket No. 1; *see* 28 U.S.C. § 1441(a)-(b).[1]

L-3 Communications' motion to dismiss argues that all of Ramirez's state law claims are legally or factually inadequate. Docket No. 16. In his response, Ramirez concedes the dismissal of his contract-based claims and the public policy count, but argues that his causes of action for intentional and negligent infliction of emotional distress should be retained. Docket No. 25, at 2. His argument is reproduced here in its entirety:

> Plaintiff has alleged specific claims of discrimination, harassment, and retaliation by his Supervisor John Maloney. *See* Complaint, ¶¶ 7-11. John Maloney harassed and threatened Plaintiff with bodily harm on a regular basis while Plaintiff was employed in Iraq for Defendant. *Id.* Based upon the specific claims of discrimination, harassment, and retaliation alleged by Plaintiff, it is reasonable for the Court to draw the inference that Plaintiff suffered emotional harm from the actions of John Maloney, his supervisor.

---

[1] The Court subsequently granted L-3 Communications' motion for summary judgment on Ramirez's Title VII claims. Docket No. 33.

*Id.* L-3 Communications has replied that there is still no basis for the intentional infliction of emotional distress claim because Ramirez's factual allegations were not sufficiently outrageous, and that the negligent infliction of emotional distress claim is (1) barred by the Mississippi Worker's Compensation Act and (2) fails for lack of specific facts regarding Ramirez's physical injuries. Docket No. 26, at 2 & n.2. It contends that he should not be permitted to file another amended complaint because one was not attached or properly briefed, and therefore there is no way to evaluate whether it would be futile. *Id.* at 2-3.

II.     *Discussion*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and quotation marks omitted).

A.      *Intentional Infliction of Emotional Distress*

The first question is whether Ramirez's claim for intentional infliction of emotional distress should be dismissed for his failure to plead facts indicating outrageous conduct. "To justify a finding that this tort has occurred, the defendant's conduct must be wanton and wilful and it would evoke outrage or revulsion." *Speed v. Scott*, 787 So.2d 626, 630 (Miss. 2001) (quotation marks and

citation omitted).

> Among the kind of actions that have been found to evoke such outrage were a plot by a girlfriend and her parents to hide the child of an unwed father, arranging for the baby to be adopted by strangers while the father pursued a custody suit. . . . Contrarily, what is not sufficient have been such actions as a law firm breaching an employment contract with an attorney, locking him out, refusing him secretarial support and dropping his name from the firm sign.

*Id.* (citations omitted).

In the employment context, the Mississippi Supreme Court has held that "referring to a group of black employees as 'monkeys,' . . . coupled with an apparent reference to lynching could permit a reasonable juror to conclude that this comment was outrageous and revolting." *Jones v. Fluor Daniel Servs. Corp.*, 959 So.2d 1044, 1049 (Miss. 2007) (quotation marks and citations omitted) (collecting cases). In addition, that court broadly held that "[a] jury could reasonably conclude that showing a preference for one race at the expense of another is outrageous conduct." *Id.* at 1050 (discussing evidence that the members of one race "were forced to work harder jobs" than members of another race).

Ramirez's first amended complaint alleged that his supervisors called him a Mexican and an Arab from his first week of employment onward, that his coworkers made derogatory remarks about Mexicans and Arabs to him, and that his supervisor threatened him with bodily harm. Docket No. 1-3, at 12. He also alleged that he was punished more severely than persons of other races who engaged in identical conduct. *Id.* Under the applicable standard of review, Ramirez's allegations of racist remarks coupled with threats of violence, as well as his allegations of racial preference, are too similar to the Mississippi Supreme Court's language in *Jones* to require dismissal of this claim at this early stage. *See Harold H. Huggins Realty*, 634 F.3d at 803 n.44. This claim may proceed.

### B. Negligent Infliction of Emotional Distress

The remaining question is whether Ramirez's negligent infliction of emotional distress claim should be dismissed. L-3 Communications has submitted a number of cases from this judicial district holding that such claims are barred by Mississippi's Workers Compensation Law, Miss. Code §§ 71-3-1 and 71-3-9. *E.g.*, *Howard v. Hancock Med. Ctr.*, No. 1:05-cv-334, 2006 WL 3487109, *7 (S.D. Miss. Dec. 1, 2006) (collecting cases).

In fact, after the briefing on the present motion was completed, this Court arrived at the same

conclusion in another matter.  *Bennett v. GEO Group, Inc.*, No. 4:10-cv-133, 2011 WL 5864674, *5 (S.D. Miss. Nov. 22, 2011).  Ramirez has not made any argument to the contrary.  This claim is dismissed.

III.    *Conclusion*

L-3 Communications' motion to dismiss Ramirez's state law claims [Docket No. 15] is granted in part and denied in part.

SO ORDERED, this the 27th day of March, 2012.


s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4