## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**DAVID RAMIREZ**                                                                                **PLAINTIFF**

**v.**                                                              **Cause No. 3:11-cv-297-CWR-LRA**

**L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC**                    **DEFENDANT**

### ORDER

Before the Court is David Ramirez's motion for reconsideration. Docket No. 37. L-3 Communications has responded, Docket No. 39, Ramirez has replied, Docket Nos. 39 and 41, and L-3 Communications has filed a sur-response, Docket No. 44. The motion will be denied.

*I.     Background and Present Arguments*

On December 7, 2011, this Court granted L-3 Communications' motion for summary judgment on Ramirez's federal employment discrimination claims. Docket No. 33. Ramirez had failed to file suit within 90 days of receiving the EEOC's *first* right-to-sue letter, as required by Title VII. *Id.* at 1 and 3. The fact that he filed suit within 90 days of receiving a *second* right-to-sue letter from the EEOC was insufficient to save the claims. *Id.* at 1. There was compelling evidence that the EEOC's first letter was properly delivered to Ramirez's address but not acted upon within the time allotted by statute. *Id.* at 5.

Ramirez's motion for reconsideration reurges his prior argument that an intra-EEOC transfer of his discrimination charge permitted him to rely upon the second right-to-sue letter. Docket No. 37, at 2. He also presents a new argument, stating in an affidavit that he was out of the country for the entire 90-day period after the first right-to-sue letter was issued. *Id.*

L-3 Communications responds that Ramirez's arguments and new affidavit do not meet the standard for reconsideration. Docket No. 38. "No effort whatsoever has been made to satisfy the governing standard of review – namely, a demonstration of manifest error of law or fact or of newly discovered evidence." *Id.* at 2 (citation omitted). L-3 Communications denies that the first right-to-sue letter had to find its way overseas to Ramirez; mailing it to his home was sufficient. *Id.* at 3.

In rebuttal, Ramirez asserts that he is entitled to reconsideration based on additional documents from the EEOC, including an investigative log and a letter from the EEOC indicating that his case was transferred to another office. Docket No. 39.

Ramirez's rebuttal brief was filed on March 3, 2012. On April 16, he docketed a new "attachment" to his original and rebuttal briefs: an April 11, 2012 letter from the EEOC explaining what happened with the internal processing of his case. Docket Nos. 41-42.[1] The letter states that Ramirez's first charge of discrimination should have been administratively terminated by the first EEOC office once it was transferred to another office. *Id.* at 1. Instead, it continued to be processed by the first office, which ultimately dismissed the charge for Ramirez's repeated failures to respond. *Id.* When the first charge was dismissed, no copy was sent to counsel because that office did not know that Ramirez was represented. *Id.* The second, transferred charge of discrimination was terminated on request of counsel and appropriately sent to counsel. *Id.* at 2. The EEOC formally apologized for its oversight. *Id.* Ramirez did not present any argument alongside the letter.

L-3 Communications replied to briefly assert caselaw holding that EEOC administrative mixups do "not relieve a plaintiff from filing suit within 90 days from delivery of the first right-to-sue notice." Docket No. 44, at 1. It reiterated that Ramirez has not made an equitable tolling argument. *Id.* at 2.

II.   *Standard of Review*

Motions to reconsider are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000); *Lopez v. City of Biloxi, Miss.*, No. 1:03-cv-122, 2006 WL 2255149, *1 (S.D. Miss. Aug. 6, 2006).

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted). The Fifth Circuit "has held that a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir.

---

[1] These docket entries are identical.

2003) (citation omitted).[2]

III.    *Discussion*

Ramirez's arguments, affidavit, and attachment do not meet the high standard required to alter or amend a judgment. He has presented no law or fact suggesting a manifest error. The fact that Ramirez was out of the country while his 90-day window to sue slipped away could have been brought to the Court's attention earlier, and even then it is not clear it would have changed the outcome. The EEOC's April 2012 letter similarly does not tilt the scales in Ramirez's favor, in part because he has never sought equitable tolling – even assuming he would qualify for that relief under controlling caselaw. *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 713 (5th Cir. 2011).

IV.    *Conclusion*

The motion for reconsideration is denied.

**SO ORDERED**, this the 13th day of September, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] On the evening of Saturday, September 8, 2012, the plaintiff sent an email to the chambers of each District Judge and Magistrate Judge who serve this district. The email suggests that the plaintiff may not be aware of the work his counsel is doing on his behalf since entering an appearance. Because the plaintiff is represented by counsel, the Court will forward a copy of the communication to his counsel, who may determine what, if any, steps counsel should take to assure his client that he has been represented since entry of appearance.

The Court will add that the plaintiff's present counsel is not responsible for the unfavorable outcome of the motion for reconsideration. The motion was fully briefed and submitted to the Court weeks before new counsel entered his appearance.