IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID RAMIREZ                                                                                          PLAINTIFF

v.                                                                                  CAUSE NO. 3:11-CV-297-CWR-LRA

L-3 COMMUNICATIONS VERTEX
AEROSPACE, LLC                                                                                      DEFENDANT

**ORDER GRANTING SUMMARY JUDGMENT**

This cause is before the Court on the motion of Defendant L-3 Communications' Motion for Summary Judgment. Docket No. 68. Plaintiff David Ramirez filed a Motion to Continue [Docket No. 74], which the Court denied. The Court directed Plaintiff to respond to the motion, which Plaintiff has failed to do. As such, the Court rules on Defendant's motion without the benefit of Plaintiff's arguments. Having carefully considered the record of this case, relevant statutory and case law, and being otherwise fully advised in the premises, for the reasons discussed below, the Court concludes that Plaintiff's state law tort claim should be dismissed.

The facts of this case have been set forth in the Court's previous rulings on separate motions of the defendant. *See Ramirez v. L-3 Communications Vertex Aerospace, LLC*, No. 3-11-CV-297, 2011 WL 6092436 (S.D. Miss. Dec. 7, 2011) (granting motion for summary judgment on Ramirez's federal claims); *Ramirez v. L-3 Communications Vertex Aerospace*, LLC, 2012 WL 4052059 (S.D. Miss. Sept. 13, 2012) (denying Ramirez's motion for reconsideration); *Ramirez v. L-3 Communications Vertex Aerospace, LLC*, 2012 WL 1033497 (S.D. Miss. March 27, 2012) (granting in part and denying in part defendant's motion to dismiss Ramirez's state law claims). Plaintiff's original complaint included claims of racial discrimination, national original discrimination and harassment, retaliation, breach of contract, tortious breach of contract, breach of implied covenant and good faith, intentional and negligent

infliction of emotional distress, and violations of Mississippi public policy. Docket No. 1-3, at 13-16. The only remaining claim is Plaintiff's intentional infliction of emotional distress claim, which the Court addresses herein. *Id.*

"In accordance with Mississippi Code [Annotated] [section] 15-1-35 [Rev. 2003)], the statute of limitations for an intentional-infliction-of-emotional distress claim is one year after the cause of action accrued." *Trustmark Nat'l Bank v. Meador*, 81 So.3d 1112, 1118 (Miss. 2012) (citing *Jones v. Fluor Daniel Servs. Corp.*, 32 So.3d 417, 423 (Miss. 2010)); *see also Carter v. Reddix,* 115 So.3d 851, 858 (Miss. App. 2012) (stating that a claim for intentional infliction of emotional distress has a one-year statute of limitations).

Plaintiff's claim does not survive the time limitations of Section 15-1-35. Ramirez alleged he was terminated on January 6, 2010 [Docket No.1-2, at 2], but he did not file suit until January 11, 2011. Docket No. 1. Indisputably, all acts about which he claims he was subjected to and on which his claim of intentional infliction of emotional distress are based occurred during his employment with L-3. Because Plaintiff did not file this action within one year as required by Mississippi law, his claim for intentional infliction of emotional distress is barred. Thus, Defendant's motion is hereby GRANTED.

**SO ORDERED**, this the 27 day of September, 2013.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE